UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LENNON,<br><br>      Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>      Defendant. | CASE NO. 2:25-cv-01431-CFK |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant consumer reporting agency, Trans Union LLC ("Trans Union"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits its Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint (the "Motion"). In support of this Motion, Trans Union hereby submits the following:

The Motion should be granted in this case where Plaintiff claims Trans Union violated the Fair Credit Reporting Act ("FCRA") by reporting his Midland Credit Management, Inc. ("Midland") account (the "Tradeline" or "Account") because Plaintiff has not alleged a factual inaccuracy in Trans Union's reporting to a third party, as required for a *prima facie* FCRA case.

**I.     INTRODUCTION**

On or about February 7, 2025, Plaintiff filed a Complaint against Trans Union claiming violations of the FCRA due to the reporting of a Midland Account. Complaint, Dkt. No. 1. Specifically, Plaintiff alleges that the Account should not be included in any consumer reports that Trans Union and instead should be deleted due to a release that Plaintiff obtained through litigation

with Midland. *See id.*, at pg 12, ¶¶ 48-50. On March 18, 2025, Trans Union removed the matter to this Court and now files its motion to dismiss Plaintiff's Complaint. *Id.*

Because Plaintiff admits that the debt exists and was owed and is only asserting a legal defense to the reporting of the same, Plaintiff has not alleged a factual inaccuracy in Trans Union's reporting as required for a *prima facie* FCRA case, and Plaintiff's Complaint should be dismissed.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. In analyzing a motion under Rule 12(b)(6), the Court should determine whether the allegations contained in the complaint, construed in the light most favorable to the Plaintiff, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. 544, 555-56 (2007).

"[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court need not

accept a plaintiff's "bald assertions" or "legal conclusions". *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### III. ARGUMENT

#### A. PLAINTIFF HAS NOT ALLEGED A FACTUAL INACCURACY IN TRANS UNION'S REPORTING TO A THIRD PARTY, AS REQUIRED FOR A *PRIMA FACIE* FCRA CASE

To proceed under 15 U.S.C. §§ 1681e(b) or 1681i(a), a plaintiff must show inaccuracy in reporting as a threshold matter. *Angino v. Transunion LLC*, 784 F. App'x 67, 69 (3d Cir. 2019); *Bibbs v. Trans Union LLC*, 43 F. 4th 331, 344–45 (3d Cir. 2022); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996).

Further, alleged inaccuracies that turn on legal disputes are not cognizable under the FCRA, as "consumer reporting agencies are not required to investigate the *legal* validity of the underlying debts they report." *Leboon v. Equifax Info. Servs., LLC*, No. 18-1978, 2019 U.S. Dist. LEXIS 118761, at *11 (E.D. Pa. July 15, 2019) (emphasis in original); *Hopkins v. I.C. Sys.*, No. 18-2063, 2020 U.S. Dist. LEXIS 88905, at *16 (E.D. Pa. May 19, 2020); *Wechsler v. Trans Union LLC*, No. 21-3085, 2022 U.S. Dist. LEXIS 72192, at *10 (E.D. Pa. Apr. 20, 2022).[1] So, as a "threshold issue, the Court must determine whether the information at issue stems from a factual inaccuracy, and not a legal one." *Hopkins*, 2020 U.S. Dist. LEXIS 88905, at *16. Without a showing that the reported information was in fact inaccurate, Plaintiff's FCRA claims must fail. *Berkery v. Equifax Info. Servs. LLC*, No. 18-3417, 2019 U.S. Dist. LEXIS 73906, at *12 (E.D. Pa. May 1, 2019).

---

[1] Every other circuit that has considered this question agrees. *See e.g.*, *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Mader v. Experian Info. Sols., Inc*., 56 F.4th 264, 270 (2d Cir. 2023); *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023); *Roberts v. Carter-Young, Inc*., No. 23-1911, 2025 U.S. App. LEXIS 6032, at *17 (4th Cir. Mar. 14, 2025); *Saunders v. Branch Banking & Tr. Co*., 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks'"); *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891-92 (9th Cir. 2010); *Wright v. Experian Info. Sols., Inc*., 805 F.3d 1232, 1242 (10th Cir. 2015); *Batterman v. BR Carroll Glenridge, LLC,* 829 F. App'x 478, 481 (11th Cir. 2020).

In this Circuit and in Pennsylvania, debts are not extinguished simply because they are unenforceable in a court of law. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011); *see Keeler v. PRA Receivables Mgmt., LLC (In re Keeler)*, 440 B.R. 354, 364 (Bankr. E.D. Pa. 2009) (*citing Commonwealth ex. rel. Margiotti v. Cunningham*, 337 Pa. 289, 298, 10 A.2d 559 (1940) ("A debt, though barred by limitation, is still a debt."); *see also Woods v. Irwin*, 141 Pa. 278, 293, 21 A. 603 (1891) ("A debt barred by the statute of limitations is still a debt, though the remedy upon it be suspended or gone. Its force as an existing obligation, even though only moral, is such that a promise to pay is binding without other consideration."); *McIntosh v. Condron*, 20 Pa. Super. 118, 1902 W L 3732, at *3 (1901) (*citing Margiotti, supra.*); *see also Westinghouse Elec. Corp./CBS v. W.C.A.B.*, 584 Pa. 411, 425 n.11, 883 A.2d 579 (2005). Further, it is well established that previously unenforceable debts can again become recoverable in the future. *See Heppinstall v. Resurgent Capital Servs. L.P.*, No. 3:21cv1611, 2024 U.S. Dist. LEXIS 115153, at *12 (M.D. Pa. July 1, 2024) (*citing Citicorp N. Am., Inc. v. Thornton*, 707 A.2d 536, 538 (Pa. Super. Ct. 1998)); *accord* Marc C. McAllister, *Ending Litigation & Financial Windfalls on Time-Barred Debts*, 75 Wash. & Lee L. Rev. 449, 458 (2018) (collecting cases in treatise analyzing in a statute of limitations context).

In the instant matter, Plaintiff does not dispute that he incurred the debt or that the debt belongs to him. *See generally*, Complaint, Dkt. No. 1. Rather, Plaintiff admits in his Complaint that he *did* owe the underlying debt. *See e.g. id.*, at pg. 10, ¶¶ 19, 28, 37 ("Plaintiff informed Defendant…that he *no longer* owed the [Account].") (emphasis supplied). As a threshold matter, because Plaintiff admits to at least having once owed the account, Trans Union's historical reporting of the Account cannot be factually inaccurate.

Plaintiff's claim instead hinges on legal interpretation of the "Mutual Release" that he included with his disputes and attached as an exhibit to his Complaint. Exhibit A to Complaint, Dkt. No. 1, pg. 17. Plaintiff argues that the Tradeline should be "appropriately deleted" from his Trans Union credit file, because of Midland's release of "all claims". *Id*.; Complaint, Dkt. No. 1, pg. 12, ¶ 51. However, the release does not note what "all claims" may mean in the context of the collection lawsuit.[2] Instead, the document specifically explains that the release of the claims in the collection lawsuit "does not constitute the 'discharge of indebtedness.'" Exhibit A to Complaint, Dkt. No. 1, pg. 17. The release also stipulates that no 1099 would be issued, further supporting that the debt itself was not discharged. *Id.*[3]

The ambiguity in the release, and the impact that it has on any of Plaintiff's legal defenses to repayment of an admitted debt, is exactly the type of dispute that Trans Union is not required to adjudicate under the FCRA. *See supra, Leboon,* 2019 U.S. Dist. LEXIS 118761, at *11. Even so, Plaintiff admits that Trans Union contacted Midland in connection with each of his disputes, and that Midland verified to Trans Union that the debt was still owed. *E.g.* Complaint, Dkt. No. 1, pg. 10, ¶¶ 31-24 ("Defendant notified Midland of the Second Dispute…[and] investigation results indicated that the Midland account had been 'Verified and Updated.'"). Even assuming *arguendo* that Trans Union had a duty to re-investigate the legal dispute between Midland and Plaintiff, Trans Union fulfilled this hypothetical obligation.

---

[2] Notably, Plaintiff had multiple Midland tradelines on his credit file, and Midland did request deletion of a different tradeline at or around the time at issue here. Trans Union will not analyze this issue, due to the standard available for 12(b)(6) motions. However, it is significant that the release does not mention which account or accounts were at issue in the collection lawsuit.

[3] Though even the issuance of a 1099-C is not itself necessarily dispositive of a discharge of debt. *Gericke v. Truist*, No. 21-1776, 2022 U.S. App. LEXIS 16321, at *6, 129 A.F.T.R.2d (RIA) 2022-2099 (3d Cir. June 14, 2022)

Therefore, because Plaintiff has not alleged a factual inaccuracy in Trans Union's reporting to a third party, as required for a *prima facie* FCRA claim, and Plaintiff's claims are instead are a legal defense to an admitted debt, Plaintiff's Complaint should be dismissed.

## IV.     CONCLUSION

For these reasons, the Court should grant Defendant's motion to dismiss with prejudice.

Dated: May 1, 2025

**BUCHANAN INGERSOLL & ROONEY PC**
By: */s/ Robert J. Murdoch*

Robert J. Murdoch, Esq. (PA 92652)
501 Grant Street, Suite 200
Pittsburgh, PA 15236
T: 412-562-1423
Robert.murdoch@bipc.com

*Counsel for Defendant TransUnion LLC*