Case 2:22-cv-00883-RDP Document 137 Filed 03/06/25 Page 1 of 8
Case 2:22-cv-00883-RDP Document 37 Filed 03/06/23 Page 1 of 8

FILED
2023 Mar-06 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARIUS BLOCKER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:22-CV-883-RDP |
| } | |
| **EQUIFAX INFORMATION SERVICES** } | |
| **LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Motion to Dismiss filed by Defendants Equifax Information Services LLC ("Equifax"),[1] Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively the "CRA Defendants"). (Doc. # 24). The Motion has been fully briefed (Docs. # 29, 32), and is ripe for decision. For the reasons discussed below, the Motion is due to be denied.

**I.      Background**

On June 8, 2021, Defendant Midland Credit Management, Inc. sued Plaintiff Darius Blocker in a collection lawsuit in Small Claims Court in Jefferson County, Alabama ("the Collections Action"). (Doc. # 23 at ¶ 30). The Collections Action alleged that Blocker was responsible for a Citibank credit account with an outstanding balance of $4,225.90. (Doc. # 23 at 81, 83-84). It further alleged that the account had been assigned to Midland, who initiated the Collections Action. (Doc. # 23 ¶¶ 31-32, & p. 81). Blocker denied that he owed Midland any money. (Doc. # 23 at ¶ 30).

---

[1] Since the filing of the Motion to Dismiss, Plaintiff's claims against Defendant Equifax have been dismissed. (Doc. # 36).

On September 27, 2021, Blocker and Midland executed a Settlement Agreement in the Collections Action. (Doc. # 23 at 91-94). In that Settlement Agreement, Plaintiff acknowledged that he "incurred certain debt related to a Citibank, N.A. account" identified by a redacted Citibank account number and a "Midland [] account number[]." (Doc. # 23 at 91). The Settlement Agreement also acknowledged that Midland serviced that account. (*Id*.). The Settlement Agreement states that the parties wished to "compromise, settle, and release any and all claims arising out or and relating to" the account or the Collections Action. (*Id*.). The Settlement Agreement required the parties to dismiss the Collections Action. (*Id*.). The only term in the Settlement Agreement mentioning ongoing credit reporting was the "Confidentiality" provision which states that the Agreement was to remain confidential "except as may be necessary to update the trade line(s) of the Plaintiff Account with Credit Bureaus." (*Id*. at 93). The Settlement Agreement said nothing about whether the debt should or should not continue to be reported.

However, part of the consideration for the Settlement Agreement appears to have been mutual releases regarding the underlying Citibank/Midland account. (*Id*. at 91-92). Blocker is identified as the Defendant in the Collections Action. (*Id*. at 91). Midland is identified as the Plaintiff in the Collections Action. (*Id*.). The Settlement Agreement contains the following provision:

> Release by Plaintiff [Midland]. In consideration of the promises contained herein and the relinquishment of its legal rights regarding any claims arising our of or related to the Action, the Plaintiff Account or the Debt, Plaintiff [] do[es] hereby release, acquit and forever discharge [Blocker] from any and all claims, liabilities, demands, suits, and causes of action of every nature and kind []. In addition, by operation of this Agreement, Plaintiff hereby represents that it will not effectuate and future transfer, assignment, sale, trading, regains, renaming, renumbering or any other conveyance of or activity relating to the Plaintiff Account. []

(*Id*. at 92).

2

On September 29, 2021 (two days after the Settlement Agreement was signed), presumably in compliance with the provision requiring the parties to dismiss the Collections Action, Midland moved to dismiss the Collections Action with prejudice. (Doc. # 23 at 95). On September 30, 2021, the Collections Action was dismissed with prejudice. (Doc. # 23 at 97).

Plaintiff alleges that, despite the dismissal of the Collections Action and the Settlement Agreement, "Defendants chose to report this account with a balance past due on Plaintiff's credit reports." (Doc. # 23 at ¶ 47). On or about March 25, 2022, Plaintiff sent to the CRA Defendants a written dispute letter related to the Midland account. (Doc. # 23 at ¶ 48, & p. 57-58). The letter stated that the Collections Action by Midland against Blocker "was dismissed with prejudice on September 30, 2021, so I'm asking you to go ahead and delete this account now as the order means I do not owe Midland any money." (Doc. # 23 at ¶ 53, p. 11, & p. 58). The letter states that Plaintiff also enclosed a copy of the Settlement Agreement. (*Id.*) Following Plaintiff's dispute letter sent to the CRA Defendants, they did not delete the Midland account. (Doc. # 23 at ¶¶ 61-84). As of April and May 2022, the CRA Defendants reported the Midland account and a past due balance on Plaintiff's credit report. (Doc. # 23 at ¶¶ 60-84).

## II.    Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule

3

12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the

mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III.   Analysis

In addition to various claims against Midland, Plaintiff's First Amended Complaint asserts two Fair Credit Reporting Act claims against the CRA Defendants: (1) Count I asserts a violation of 15 U.S.C. § 1681e(b); and (2) Count II asserts a violation of 15 U.S.C. § 1681i. Plaintiff alleges that the CRA Defendants' failure to adequately investigate his dispute on the Citibank/Midland account violated the FCRA.

Plaintiff's claims are based on the premise that the order dismissing the Collections Action with prejudice and/or the Settlement Agreement eliminated or extinguished the underlying debt to Midland based on the Citibank account and that further reporting of that account was a factual inaccuracy. (Doc. # 29). The CRA Defendants' argue that Plaintiff's First Amended Complaint alleges a legal issue rather than a factual inaccuracy and therefore fails to state a claim. For the following reasons, the court disagrees.

As the Eleventh Circuit most recently explained, "Section 1681e [of the FCRA] provides that in preparing a consumer report, a consumer reporting agency 'shall follow reasonable procedures to assure maximum possible accuracy" about an individual. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (quoting 15 U.S.C. § 1681e(b)). "Section 1681i states that 'if the completeness or accuracy of any item of information contained in a consumer's file ... is disputed by the consumer ..., the agency shall ... conduct a reasonable reinvestigation to determine whether the disputed information is accurate.'" *Losch*, 995 F.3d at 944 (quoting 5 U.S.C. § 1681i(a)(1)(A)). "To state a claim under § 1681e, the plaintiff must show that the

5

agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Id.* (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1157, 1160 (11th Cir. 1991); *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002)). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the plaintiff needn't show that the agency prepared and distributed a report." *Id.* (citing *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015).

Before a court inquires as to the reasonableness of a CRA's procedures, "the burden of proving that a particular report is inaccurate is part of the plaintiff's case and not an affirmative defense for a defendant [CRA]." *Cahlin*, 936 F.2d at 1156 n.9. "If [a plaintiff] fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of [§ 1681e(b)], and a court need not inquire further as to the reasonableness of the procedures adopted by the [CRA]." *Id.* at 1156.

Here, the CRA Defendants contend that Plaintiff's First Amended Complaint is due to be dismissed because he has not alleged a factual inaccuracy. Plaintiff's primary argument in response to the CRA Defendants' Motion is that reporting the Midland/Citibank account after receiving information that the Collections Action had been dismissed with prejudice is a factual inaccuracy because "a dismissal with prejudice in Alabama resolves the issue by holding that Blocker was not guilty of owing the debt to Midland." (Doc. # 29 at 18).

Plaintiff's primary argument is off the mark. The dismissal means no such thing and there is absolutely no evidence that the Small Claims Court addressed the merits of the Collections Action. Rather, pursuant to a Settlement Agreement, the case was dismissed on Midland's

6

motion and cannot be refiled. But that dismissal alone would not necessarily extinguish the debt. Conceivably, the parties could have reaffirmed the debt in the settlement (*e.g.*, via a contract or a note) but agreed to dismiss the action with prejudice. Under those circumstances, the debt would still be owed, but could only be enforced through a breach of contract action or action on a note based upon the settlement agreement. Therefore, the court rejects Plaintiff's argument that a dismissal with prejudice extinguished the debt and rendered any further reporting factually inaccurate. That is a legal rather than factual issue.

Plaintiff argues alternatively, however, that "[t]he Settlement Agreement provides an independent reason for deletion thus increasing the plausibility of Blocker's claims being successful." (Doc. # 29 at 25). The court agrees, but not for the specific reasons argued by Plaintiff. As the court noted above, the Collections Action was settled by agreement. It was that Settlement Agreement – or rather the parties' mutual releases relating to the Account contained in the Agreement – that extinguished the debt. (Doc. # 23 at 91-92).

In *Losch*, the Eleventh Circuit held that "misreporting the clear effect of a bankruptcy discharge order on certain types of debt is a cognizable inaccuracy under the FCRA." *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023) (citing *Losch*, 995 F.3d at 944–45). So, *Losch* stands for the proposition that "if a legal question is sufficiently settled so that the import on a particular debt is readily and objectively verifiable, the FCRA sometimes requires that the implications of that decision be reflected in credit reports." *Mader*, 56 F.4th at 271 (further noting that "[w]hat the FCRA does not require, however, is that credit reporting agencies resolve unsettled legal questions.").

Plaintiff has alleged that in April and May 2022, after receiving Plaintiff's dispute and a copy of the Settlement Agreement which contained the mutual releases, the CRA Defendants

7

refused to remove the Midland Account. (Doc. # 23 at ¶¶ 60-84). Plaintiff has further alleged that, in April and May 2022, the CRA Defendants reported not only the Midland balance, but also past due amounts. (*Id*.). But, there are plausible allegations that none of that was accurate following the execution of the Settlement Agreement in September 2021. That is, Plaintiff alleges that as of the execution of the Settlement Agreement containing the releases, Plaintiff was no longer liable for the balance, nor was he past due on any amount. *See Losch*, 995 F.3d at 945 ("None of that was true following the bankruptcy-debt discharge—Losch was no longer liable for the balance nor was he "past due" on any amount for more than 180 days"). Therefore, Plaintiff's First Amended Complaint plausibly alleges that, in April and May 2022, the CRA Defendants' reports contained factually inaccurate information, which violates § 1681e(b) and § 1681i of the FCRA.

**IV.    Conclusion**

The CRA Defendants premised their Motion to Dismiss on the argument that Plaintiff's First Amended Complaint alleges a legal issue and that he failed to allege a factual inaccuracy in their reports. As discussed above, Plaintiff's First Amended Complaint plausibly alleges a factual inaccuracy in the CRA Defendants' reporting. Therefore, the CRA Defendants' Motion to Dismiss (Doc. # 24) is **DENIED**.

**DONE** and **ORDERED** this March 6, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE