# Exhibit 2

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made this ___ day of _____ 2021, by and between Darius D. Blocker ("Defendant") and Midland Credit Management, Inc. ("Plaintiff") (collectively the "Parties"),

WHEREAS, Defendant incurred certain debt related to a Citibank, NA account identified by account number [Redacted]5102 (the "Debt") and Midland Credit Management, Inc.'s account number 307482469 (the "Plaintiff Account"),

WHEREAS, Midland Credit Management, Inc. ("MCM") services the Plaintiff Account on behalf of Plaintiff,

WHEREAS, Plaintiff has filed a complaint entitled, *Midland Credit Management, Inc. v. Darius D. Blocker*, Case No. SM21-903958 in the Small Claims Court of Jefferson County, in the State of Alabama (the "Action"); and

WHEREAS, the Parties hereto desire to compromise, settle, and release any and all claims arising out of and relating to the Plaintiff Account, any sale, assignment, or transfer of the Plaintiff Account, the Action,.

NOW THEREFORE in consideration of the mutual promises and covenants set forth herein, the Parties agree as follows:

1. **Dismissal of Action.** The Parties shall dismiss the Action and with prejudice upon the execution of this Agreement. Each party shall bear its own costs and fees.

2. **Release by Defendant.** In consideration of the promises contained herein and the relinquishment of his legal rights regarding any claims arising out of or related to the Action, the Debt, and the Plaintiff Account, Defendant, himself, his heirs, successors, legal representatives and assigns, do hereby release, acquit and forever discharge Plaintiff and all of its affiliates, parents and/or subsidiary corporations including, without limitation, its representative managing partners, officers, directors, shareholders, employees, agents, assigns, successors, servants, insurers, and representatives (including attorneys), together with any and all other persons, Firms and/or corporations who are or might be liable (collectively, the "Plaintiff Released Parties"), from any and all claims, liabilities, demands, suits, and causes of action of every nature and kind, whether vested or contingent, accrued or unaccrued, known or unknown, in law or in equity, matured or unmatured, whether or not such claims were or could have been brought or raised in the Action, or as a result of any sale, assignment, or transfer of or collection activities related to the Debt and/or the Plaintiff Account, including without limiting the generality of the foregoing, those claims expressly raised in the Action, those arising out of or relating to the facts, circumstances, or occurrences surrounding the above-mentioned Action, and those arising out of, relating to or resulting from the facts, circumstances, or occurrences concerning the Debt and Plaintiff Account.

3. **Release by Plaintiff.** In consideration of the promises contained herein and the relinquishment of its legal rights regarding any claims arising out of or related to the Action, the Plaintiff Account or the Debt, Plaintiff, itself, its representative managing partners, officers, directors, employees, agents, assigns, successors, servants and representatives (including attorneys), do hereby release, acquit and forever discharge Defendant and all of his agents, assigns, successors, servants and representatives (including attorneys), together with any and all other persons who are or might be liable (collectively, the "Defendant Released Parties"), from any and all claims, liabilities, demands, suits and causes of action of every nature and kind, whether vested or contingent, accrued or unaccrued, known or unknown, in law or in equity, matured or unmatured, whether or not such claims were or could have been brought or raised in the Action. In addition, by operation of this Agreement, Plaintiff hereby represents that it will not effectuate any future transfer, assignment, sale, trading, reaging, renaming, renumbering or any other conveyance of or activity relating to the Plaintiff Account. It is specifically understood that this Agreement shall be applicable solely to the Plaintiff Account referenced above, and will not apply to any other accounts currently owned or hereafter acquired by Plaintiff.

4. **Release of Unknown Claims.** This Agreement covers and includes all claims that Defendant has against the Released Parties up to and including the date of this Agreement, whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise.

5. **Denial of Liability.** It is expressly understood and agreed to by and among the undersigned hereto that by entering into this Agreement, none of the undersigned hereto admit the truth of the allegations made by any other party, and this is a compromise of a disputed claim, which should not be construed as an admission of liability on the part of any party.

6. **Tax Considerations.** This Agreement is a result of a "contested liability" that was disputed in good faith. The Released Parties make no representations regarding tax consequences, if any, pursuant to this Agreement.

7. **Assigns and Successors-in-Interest.** This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the undersigned hereto.

8. **Agreement Fully Read and Understood.** This Agreement has been carefully read by the undersigned and the contents are known and understood by the undersigned. The recitals stated above are incorporated herein by reference. The undersigned have each been afforded the opportunity to receive independent legal advice from the attorneys of their choice with respect to the preparation, review, and advisability of executing this Agreement <u>or have voluntarily elected not to do so</u>. Prior to execution of this Agreement by each party, the undersigned has had the opportunity for an attorney to review the Agreement, and the undersigned acknowledge that they have executed this Agreement after independent investigation and without fraud, duress, or undue influence.

9. **Applicable Law.** The existence, validity, construction and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions, shall be determined in accordance with the laws of the State of Alabama.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the undersigned, and fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement.

11. **Modification.** This Agreement may be modified, but only if the modification is in writing and signed by the undersigned to this Agreement.

12. **Severability.** Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

13. **Counterparts.** This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. Faxed signatures may be accepted as originals.

14. **Confidentiality.** The undersigned hereto agree that they will not, at any time, without the express written consent of each of the other party, communicate, disclose or acknowledge the terms of the settlement, or this Agreement, to any person or entity except as required by court order, except as may be necessary to update the trade line(s) of the Plaintiff Account with Credit Bureaus. Defendant may discuss the details of this Agreement by ordinary means of private communication, including, but not limited to, voice, telephone, and email, with his legal counselors, tax professional, and financial advisors acting in their professional capacity. The undersigned may disclose that this matter has been settled to the undersigned's satisfaction.

15. **Mutual Drafting.** This Agreement is the product of negotiations "at arm's length" between the undersigned, both of whom are either represented by counsel or hereby acknowledge voluntary waiver of the right to such counsel. As such, the terms of this Agreement is mutually agreed-upon, and no part of this Agreement will be construed against the drafter.

| DARIUS D. BLOCKER | Midland Credit Management, Inc. |
|---|---|
| By: _Darius Blocker_ | By: _____ |
|  | Name: _____ |
|  | Title: AUTHORIZED REPRESENTATIVE |
| Date: 2021-09-27 | Date: _____ |